UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JONATHAN MOYNAHAN LARMORE,

*Defendant.*

**PROTECTIVE ORDER**

24-CR-140 (PAE)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. With the exception of publicly available documents and documents contained in the defendant's own electronic devices and electronic accounts, and without limiting the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in this Order, all materials, including documents, objects and information, including electronically stored information, that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *Giglio v. United States*, are considered "Protected Information" unless otherwise indicated by the Government.

2. Protected Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action, which includes materials affecting the privacy, confidentiality, and business interests of individuals and entities:

    a. Shall be used by the defendant and his counsel only for purposes of defending this criminal action, except that the defendant may use Protected Information in *S.E.C. v. Larmore et al.*, No. 23 Civ. 2470 (DWL) (D. Ariz.) (the "S.E.C. Litigation"), provided that such use is consistent with the provisions of this Order as set forth below;

  b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraphs 2(c) and 2(d) below; and

  c. May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

   i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel;

   ii. expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action or in the SEC Litigation;

   iii. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

  d. May be shown to, but not disseminated to or provided copies of to, prospective witnesses and their counsel, for purposes of defending this action or the S.E.C. Litigation.

  3. Protected Information disclosed to the defendant or his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to the above-captioned case, including direct appeal and interlocutory appeal, or dismissal of the charges against the defendant, or, if later than the conclusion of this matter, the conclusion of the S.E.C. Litigation and any appeal therein.

  4. The defendant or his counsel shall provide a copy of this Order to each Designated Person to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 2 above. Designated Persons shall be subject to this Order, and may not disclose Protected Information to any third party.

5. The defendant, defense counsel, and Designated Persons shall not disclose Protected Information to members of the media, nor shall they post any Protected Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendant, defense counsel, and Designated Persons have access.

6. The provisions of this Order shall not be construed as preventing the disclosure of any Protected Information in any motion, hearing or trial held in this action or in the S.E.C. Litigation, or to any district or magistrate judge of this Court for purposes of this action, or in the S.E.C. Litigation.

7. The Government may at any time during the pendency of this proceeding designate materials, including documents, objects and information, including electronically stored information, constituting Protected Information as "Sealed Material," when, in the good faith determination of the Government, disclosure of such materials is prohibited by statute or regulation or otherwise is not in the public interest. The defendant and defense counsel will not attach any materials designated Sealed Material pursuant to this Order to any public filings with the Court or publicly disclose, other than at trial, any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

8. Defense counsel may challenge at any time the Government's designation of materials as Protected Information or Sealed Material. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Protected Information or Sealed Material subject to the provisions of this Order, such documents, materials and information shall be considered Protected Information or, if so designated pursuant to paragraph 7, Sealed Material, pending further Order of this Court.

9. The terms of this Order shall not apply to materials, including documents, objects, data, or information received by the defendant or defense counsel from a source other than the Government. To the extent that the Government's discovery contains materials and information that are also publicly available, not as the result of any violation of this Order, nothing in this Order shall restrict the use of such publicly available materials.

10. Nothing in this Order shall preclude defense counsel at any time from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Order.

11. The provisions of this Protective Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Protective Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ Justin Rodriguez_        Date: March 18, 2024
Justin V. Rodriguez
Alex Rossmiller
Assistant United States Attorney

_/s/ Seth B. Waxman_              Date: 3/18/24
Seth B. Waxman, Esq.
Counsel for Jonathan Moynahan Larmore

SO ORDERED:

Dated: New York, New York
       March 19, 2024

_Paul A. Engelmayer_
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4