

INTERNATIONAL SQUARE
1825 EYE STREET, NW, SUITE 900
WASHINGTON, DC 20006-5468
TELEPHONE: 202-457-0160
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

SETH B. WAXMAN
SWaxman@dickinsonwright.com
202-466-5956

May 24, 2024

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Street
New York, New York 10007

    Re: *United States v. Larmore*, 24 Cr. 140 (PAE)

Dear Judge Engelmayer:

    Defendant Jonathan Larmore, through undersigned counsel, hereby provides this submission regarding Mr. Larmore's intent to file a suppression motion relating to his cellphone, which was seized by law enforcement on the day of his arrest, March 14, 2024. Defense counsel provided a copy of this letter to the government, which expects to oppose the defense's anticipated motion, but agrees that the contents of this letter provides the Court proper notice of the Defendant's position regarding his suppression motion.

    The Defendant's grounds for the motion to suppress are as follows:

1. In pre-dawn action on the morning of March 14, 2024, a large contingent of law enforcement officers surrounded Mr. Larmore's home located at 751 West Retta Esplanade, Punta Gorda, Florida;

2. The officers called to Mr. Larmore on a bull horn to come outside his home. Mr. Larmore complied;

3. Once outside, numerous officers had their firearms pointed at Mr. Larmore;

4. Mr. Larmore was handcuffed and placed under arrest;

5. Mr. Larmore was never read his *Miranda* rights;

DICKINSON WRIGHT PLLC

May 24, 2024
Page 2

6. An officer asked Mr. Larmore where his cellphone was located, and Mr. Larmore responded that his cellphone was located inside his house. This questioning amounted to a custodial interrogation without *Miranda* warnings;

7. Mr. Larmore's response regarding the location of his cellphone was coerced given the circumstances surrounding his arrest and interrogation;

8. Having coercively obtained knowledge that Mr. Larmore's cellphone was located inside his house, the officers subsequently asked Mr. Larmore's pregnant fiancée where Mr. Larmore's cellphone was located. This line of questioning was the fruit of the coerced statement Mr. Larmore previously provided the officers. In other words, the coerced information the officers learned from Mr. Larmore provided the officers the basis to know to ask Mr. Larmore's fiancée about the location of Mr. Larmore's cellphone;

9. Mr. Larmore's fiancée told the officers that Mr. Larmore's cellphone was located inside his house, she retrieved Mr. Larmore's cellphone from inside Mr. Larmore's house, and gave Mr. Larmore's cellphone to the officers;

10. The officers subsequently accessed Mr. Larmore's cellphone using the PIN number that was provided by Mr. Larmore and his fiancée.

The Defendant contends that the officers' violated well-established 5th Amendment law by coercively obtaining the location of Mr. Larmore's cellphone. The series of events that followed, including the questioning of Mr. Larmore's fiancée and seizure of Mr. Larmore's phone, was the fruit of the earlier coercive interrogation, and therefore, Mr. Larmore's cellphone should be suppressed.

However, the government also informed defense counsel that the government separately seized data from Mr. Larmore's cellphone through a search warrant that was served upon Apple. The data obtained from the Apple search warrant is in the process of being produced to the defense. Once the defense receives the Apple data, a comparison will be done between the data seized directly from Mr. Larmore's cellphone and the data that was obtained through the Apple search warrant.

If that comparison shows that the two data sets are identical, then the defense will likely not file a motion to suppress Mr. Larmore's cellphone. On the other hand, if there are significant differences between the two data sets, then the defense will likely move to suppress Mr. Larmore's cellphone on the grounds stated above. The defense expects to be in a position to notify the Court of the results of this comparison and Mr. Larmore's intention with regard to the suppression motion by June 17, 2024, assuming defense counsel receives the Apple data set in a timely manner and there are no technical issues relating to the data set comparison.

DICKINSON WRIGHT PLLC

May 24, 2024
Page 3

Sincerely,

/s/

Seth B. Waxman

cc: Assistant United States Attorneys (via ECF)

The Court thanks defense counsel for this letter and agrees with the proposed approach. In the event that defense counsel decides to move to suppress, the Court asks counsel to promptly alert the Court and to provide counsel's best estimate—in consultation with the Government—as to the duration of an evidentiary hearing.

SO ORDERED.

Dated: May 30, 2024

PAUL A. ENGELMAYER
United States District Judge

ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN  NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON DC  TORONTO