

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

July 31, 2024

**VIA ECF AND EMAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States v. Larmore*, 24 Cr. 140 (PAE)

Dear Judge Engelmayer:

      The Government has recently become aware of an attempt by the defendant to interfere with the cooperation of and influence the testimony of a prospective trial witness in this case. Accordingly, the Government requests that the Court modify the conditions of the defendant's bail by adding a condition prohibiting the defendant from contacting, directly or indirectly, any victim or potential witness outside the presence of counsel, as detailed below. We understand from defense counsel that the defendant denies any attempt to influence the witness, and that he will not attempt any similar witness outreach in the future. Accordingly, the defense does not believe the proposed condition is necessary. To ensure that the defendant fully understands that such contacts are not permitted, however, the Government proposes that his bail conditions be amended to make the prohibition clear.

      **I.**    **Background**

      On March 14, 2024, the defendant was arrested in the Middle District of Florida on the charges in the Indictment. On March 18, 2024, the defendant made his first appearance in this District and was released on bail. *See* ECF Dkt. Nos. 8 & 9. Under the terms of the defendant's bail, "the defendant must not violate federal, state, or local law while on release." *See* ECF Dkt. No. 9 at 4.

      Two weeks after his arrest, on March 28, 2024, the defendant exchanged text messages with a witness (the "Witness"), whom the defendant paid in the fall of 2023 to design a web site for Cole Capital Funds—the sham company with "no genuine business operations" that the defendant used "as a vehicle for his fraudulent scheme." Indictment ¶¶ 10, 2. On March 28, 2024, the defendant sent Witness-1 a text message, which began:

            Have you been contacted by anyone concerning our dealings?

            If so I want to make sure I hire and pay for the best defense possible.

> Even if they are saying you are not in trouble if you are questioned
> say nothing I will have an attorney to you immediately.

The defendant concluded his message by writing, "Obviously, I had no intention to get anybody involved in anything wrong, but evil is out there and will attack when it can." On April 3, 2024, the defendant sent another message to the Witness stating, in part, "if you need help obtaining an Attorney, please contact me immediately, and I will do everything in my power to assist."

The Government obtained these messages on July 30, 2024, and promptly produced them to the defense that same day.[1]

## II.   Applicable Law

Under the Bail Reform Act, a court must impose the least restrictive combination of conditions that "will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community" unless the court finds that there is no such combination of conditions that exists. 18 U.S.C § 3142. "[N]onviolent witness tampering and obstruction poses a danger to the community." *United States v. Stein*, No. 05 Cr. 888 (LAK), 2005 WL 8157371, at *2 (S.D.N.Y. Nov. 14, 2005). Among the conditions that a court may impose to mitigate that danger is a condition that the defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C § 3142(c)(1)(B)(v).

As courts have recognized, "[b]ail conditions are not set in stone." *United States v. Wang*, 670 F. Supp. 3d 57, 65 (S.D.N.Y. Apr. 21, 2023), *aff'd*, No. 23 Cr. 118 (AT), 2023 WL 4551637 (S.D.N.Y. July 14, 2023). A "changed situation or new information may warrant altered release conditions." *United States v. Dzhamgarova*, No. 21 Cr. 58 (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021) (internal quotation marks and citation omitted). The Court "may at any time amend" the terms of release, *see* 18 U.S.C. § 3142(c)(3), after considering "the statutory standards applicable to the setting of bail." *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981); *see also United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2023 WL 1490417, at *2 (S.D.N.Y. Feb. 1, 2023) ("[C]ourts in this district have found that judicial 'authorization to amend a release order' under section 3142(c) arises where there is 'a changed situation or new information [that] warrant[s] altered release conditions.'") (citing cases).

## III.   Discussion

There is more than sufficient cause to conclude that the defendant's messages to the Witness constituted an attempt to improperly influence the Witness and to obstruct further investigation of the defendant's conduct.[2] The defendant's messages to the Witness were, on their

---

[1] The Government can provide a copy of the full exchange at the Court's request.

[2] Witness tampering in violation of Section 1512(b) applies to anyone who "knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1); *see also, e.g.*, *id.* § 1505 (prohibiting obstruction of proceedings before departments, agencies, and committees).

Hon. Paul A. Engelmayer                                                                                               Page 3
July 31, 2024

face, an attempt to corruptly persuade the Witness to "say nothing" to authorities so as not to harm the defendant in his criminal case. The defendant even entices the Witness with an attorney that the defendant will "hire and pay for" and send to the Witness "immediately" to further dissuade the Witness from engaging with law enforcement and potentially testifying to the defendant's detriment. Any attempted witness tampering is entirely improper and may be grounds for a separate criminal charge. *See, e.g., United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK) (S.D.N.Y. Aug. 11, 2023), Dkt. 224 at 32-33 (finding probable cause to believe that defendant's messages with witness about "using each other as resources" and "vetting things with each other" were an attempt to have the defendant and witness "sing out of the same hymn book" and were "an attempt at witness tampering"); *see also United States v. Amato*, 86 F. App'x 447, 450 (2d Cir. 2004) (explaining that 1512(b) was "written broadly to encompass non-coercive efforts to tamper with a witness . . . the government need only 'prove that the defendant's attempts to persuade were motivated by an improper purpose'" (quoting *United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996))).

In light of the evidence of the defendant's attempts to obstruct the Government's investigation and influence a witness, the Government requests that the Court mitigate the risk of any future witness tampering by modifying the defendant's bail and imposing a condition, as contemplated by Section 3142(c)(1)(B)(v), prohibiting the defendant from contacting in any way, directly or indirectly, outside the presence of counsel, any victim or potential witness, including (A) any current or former employee or independent contractor of (1) Cole Capital Funds, LLC, (2) ArciTerra Companies LLC or any of its affiliates, (3) WeWork, Inc., (4) Brokerages 1-7, as defined in the Indictment, or (5) Bank-1, as defined in the Indictment, and (B) any person or entity who traded WeWork, Inc. securities on November 3, 2023. If the defendant engages in further efforts to corruptly influence or tamper with anticipated witnesses, revocation of his bail may be warranted.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Justin V. Rodriguez
Adam S. Hobson
Sarah Mortazavi
Assistant United States Attorneys
(212) 637-2591

Cc:    Defense Counsel (via ECF)