IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>        Plaintiff,<br><br>v.<br><br>JONATHAN LARMORE<br><br>        Defendants | Case No. 24-cr-00140 (PAE) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
LETTER MOTION TO MODIFY DEFENDANT'S BOND CONDITIONS**

      Defendant Jonathan Larmore, by and through his attorneys, Dickinson Wright, PLLC, hereby opposes the government's letter motion to modify Mr. Larmore's bail conditions to include a new condition that prevents him from contacting, directly or indirectly, any victim or potential witness outside the presence of counsel.  As grounds for this opposition, Mr. Larmore states as follows:

      1.      Mr. Larmore neither intended nor attempted to obstruct the government's investigation or influence a witness.

      2.      In the government's letter motion, the government conspicuously omitted the key excerpt from Mr. Larmore's text exchange with the witness; namely, Mr. Larmore's statement that the witness was free to speak to whomever he wanted.  Specifically, Mr. Larmore's text stated:

> Just to clarify I am not an attorney and I am not giving legal advice. **you are obviously free to speak and do whatever you want** however, my attorney has advised me to never talk to anyone about anything without an attorney and if you need help obtaining an Attorney, please contact me immediately, and I will do everything in my power to assist.  God bless

A copy of the full text exchange is attached hereto as Exhibit A (emphasis added).

3. The Court presciently directed the government to produce the entirety of Mr. Larmore's text exchange to see that the government took Mr. Larmore's statement out of context without providing the Court the full thrust of the text exchange.

4. Mr. Larmore's full statement made it clear that he was not attempting to influence a witness or obstruct the government's investigation. Rather, the main thrust of Mr. Larmore's text exchange was to offer to pay for an attorney on the witness's behalf, which was entirely proper.

5. To the extent Mr. Larmore used imprecise language at the outset of the text exchange (*i.e.*, the reference to "say nothing"), that language was expressly in the context of having an attorney present when talking to law enforcement. Any intimation that Mr. Larmore was attempting to influence a witness was rectified by the key, clarifying language discussed in paragraph 2 above.

6. With regard to the Court's directive to address whether Mr. Larmore intends or has reason to contact, outside the presence of counsel, any victim or witness, including those listed in the final paragraph of the Government's letter, Mr. Larmore states as follows:

   a. Mr. Larmore has no reason to contact, outside the presence of counsel, the following people:

   - Any current or former employee or independent contractor of: (i) Cole Capital Funds, LLC; (ii) WeWork, Inc., (iii) Brokerages 1-7, as defined in the Indictment; (iv) Bank-1, as defined in the Indictment; and

   - Any person or entity who traded WeWork, Inc. securities on November 3, 2023.

To be clear, defense counsel may need Mr. Larmore's assistance in: (a) introducing defense counsel to the individuals described above; and (b) obtaining authorization for the entities/individuals described above to speak to defense counsel. Aside from those ministerial

contacts, Mr. Larmore has no reason to contact the individuals listed above outside the presence of counsel.

   b. Mr. Larmore has reason to contact, outside the presence of counsel, the following individuals:

- <u>ArciTerra</u>: As the Court is aware, Mr. Larmore has been sued in Arizona federal court by the SEC, alleging wrongful conduct relating to ArciTerra. While formal discovery is stayed in that matter pending resolution of the instant case, Mr. Larmore continues to vigorously defend that case and will need to speak to numerous people in connection with those allegations. Moreover, the indictment in the instant case does not include allegations relating to ArciTerra, so any restrictions on Mr. Lamore's contact with former or current ArciTerra employees would be overly broad and unnecessary.

- <u>Other Witnesses</u>: As stated above, Mr. Larmore neither intended nor attempted to influence the witness through his text exchange. He made it expressly clear that the witness was allowed to speak to whomever he wanted. Undersigned counsel has spoken to Mr. Larmore and made clear the rules relating to proper contact with witnesses, so there will be no confusion in the future. Moreover, the government has not produced a witness list in the instant case, making the government's request for restrictions on speaking to "witnesses" vague and overly broad. As crafted, the government's letter motion is essentially an unbounded gag order, in direct violation of Mr. Larmore's Constitutional right to freedom of speech. Finally, one or more of the "witnesses" the government ambiguously references in its letter motion may be close friends or family that Mr. Larmore regularly contacts. For example, upon information and belief, the government is interviewing Mr. Larmore's fiancé (Anna Cochran) this week. Mr. Larmore lives with Ms. Cochran and they have a new born baby together. The government's overly broad

restrictions would bar Mr. Larmore from speaking to Ms. Cochran and other close family and friends.

7. In short, Mr. Larmore apologizes to the Court to the extent the words he initially chose in his text message created confusion. He never intended or attempted to influence a witness, and he understands very clearly now the rules regarding contact with third parties. Mr. Larmore has been under this Court's supervision since March 2024, and the Arizona Court's supervision since December 2023. He has complied with every rule that has been imposed upon him in those cases. Trial in the instant matter is a little more than two months away. It is critical that Mr. Larmore be able to speak to third parties to assist defense counsel with his defense and collect information that will demonstrate that he is completely innocent of the charges that have been levied against him.

## **Conclusion**

For the reasons stated above, Mr. Larmore respectfully requests that the Court deny the government's letter motion.

Dated: August 7, 2024.            DICKINSON WRIGHT PLLC

By: */s/ Seth Waxman*
Seth B. Waxman (DC Bar #456156)
DICKINSON WRIGHT PLLC
1825 Eye Street N.W. Suite 900
Washington, DC 20006
swaxman@dickinson-wright.com

*Attorneys for Defendant Jonathan Larmore*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record.

                                        */s/ Seth B. Waxman*
                                        Seth B. Waxman