UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JONATHAN MOYNAHAN LARMORE,

Defendant.

24-CR-140 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the Government's motion to modify the conditions of pretrial release of defendant Jonathan Larmore, seeking to add a condition prohibiting Larmore from contacting, directly or indirectly, any victim or witness outside the presence of counsel. Dkt. 36. The Court has also reviewed the defense's opposition, arguing that it is unnecessary to add such a condition. Dkt. 40.

The Government's basis for moving is a text message by Larmore to a potential trial witness that inquired whether the witness had "been contacted by anyone concerning our dealings," told the witness if questioned to "say nothing," pledged if so "to have an attorney to you immediately," and represented that "[o]bviously I had no intention to get anybody involved in anything wrong, but evil is out there and will attack when it can." The Government states that it is concerned that Larmore's contact was "an attempt to improperly influence the [w]itness and to obstruct further investigation of the defendant's conduct," terming such potential witness tampering. Dkt. 36 at 2 & n.2. Defense counsel counters that Larmore's outreach to the witness was not intended to obstruct the Government's investigation or influence a witness, Dkt. 40 at 1. It notes that the Government's presentation to the Court of Larmore's text message to the witness omitted Larmore's statement that "you are obviously free to speak and do whatever you want[.]"

*Id.* Defense counsel states although Larmore's text may have used "imprecise language," read in context, the text was intended to assure that the witness was represented in any communication with law enforcement, and to offer to pay for that representation. *Id.*

The Government's motion is colorable. The language used by Larmore is capable of being read to cue the witness not to speak with the Government, to adopt Larmore's exculpatory version of events, and/or to view Larmore's adversaries (governmental or business) as "evil" actors prone to baselessly "attack" him. At the same time, as defense counsel fairly notes, the language is capable of a more benign reading. Defense counsel also represents that Larmore has no need, outside the presence of defense counsel, to contact persons in any of the categories that would be covered by the Government's proposed order, save for the "ministerial" purpose of making introductions to defense counsel. *Compare* Dkt. 40 at 2, *with* Dkt. 36 at 2.

In an excess of caution, and in the expectation that defense counsel will act with rigor to assure that Larmore heeds these boundaries, the Court denies the Government's motion. The denial, however, is without prejudice to the Government's right to move anew for the same or similar relief in the event of evidence of a new incident of problematic conduct by Larmore, including with respect to a potential trial witness.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 9, 2024
       New York, New York

2