UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JONATHAN MOYNAHAN LARMORE,

Defendant.

24-CR-140 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a notice of appearance from incoming defense counsel Bruce L. Udolf, Esq., Dkt. 45, and has been notified by the Government that additional incoming counsel for defendant Jonathan Larmore will file notices of appearance shortly, Dkt. 47. The Court has also received a proposed motion to withdraw by current counsel, Dickinson Wright PLLC, Dkt. 46. The Court has also received a letter from the Government alerting it of a potential conflict affecting incoming counsel, Dkt. 47. This conflict may, or may not, prove to be waivable and, if waivable, may, or may not, ultimately be knowingly waived by the defendant.

This order directs the following:

1. All deadlines in the case, including for oppositions to motions *in limine* and replies to those oppositions, remain firmly in place, as does the trial date. The defendant's decision to attempt to substitute counsel less than two months before trial will not result in a change in these deadlines.

2. The Court schedules an in-person *Curcio* hearing for Wednesday, September 4, 2024, at 2 p.m. The Court directs the Government, as it has promised to do so, see Dkt. 47, to promptly file a letter on the docket of this case, setting forth its view of the applicable law and

the questions to be put at the hearing to the defendant. Insofar as it will be necessary for the defendant to consult with an independent counsel to assure that any waiver of the conflict is knowing, the defendant may wish to retain a lawyer—completely independent of incoming counsel—for this purpose now. Such would have the potential to expedite the waiver process were the Court to find such pre-hearing consultation with independent counsel to obviate the need for a follow-on hearing after the September 4 hearing. If not, that follow-on hearing would likely be held on September 9, when a pretrial conference is already scheduled.

3. For obvious reasons, the Court will not rule on the motion to withdraw by Dickinson Wright PLLC, until it has been determined that proposed successor counsel can properly serve in this case. Otherwise, if the conflict affecting proposed successor counsel is determined to be unwaivable or if the Court does not find a knowing waiver, the defendant, who has not expressed interest in representing himself, would then be unrepresented. The Court therefore will not treat, and counsel should not treat, the defendant's attempt to terminate Dickinson Wright PLLC in favor of a conflicted successor counsel as effective pending a successful conflict waiver.

4. Dickinson Wright PLLC is to promptly furnish this order to the defendant and file a letter on the docket of this case stating that it has done so.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 23, 2024
    New York, New York