**Litman, Asche & Gioiella, LLP**
**350 Central park west suite 10F**
**New York, New York 10025**
**Telephone (917) 414-6951**

| | |
|---|---|
| **Richard m. asche** | **Writer's Cell phone** |
| **Russell M. Gioiella** | (917) 414-6951 |
| **Jack t. Litman (1976-2010)** | **Writer's email** |
| | richardasche@lagnyc.com |

August 30, 2024

Honorable Paul A. Engelmeyer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

       Re:    U.S. v. Jonathan Moynahan Larmore
                  <u>Case No. 24 CR 140 (PAE)</u>

Dear Judge Engelmeyer:

      I write in response to the Government's letter of August 23, 2024, seeking a ruling on the availability to Mr. Larmore of the attorney-client privilege in connection with certain attorneys contacted by Mr. Larmore prior to the submission of his tender offer notice to the SEC. This letter will also respond to the Government's request that the Court preclude admission of Mr. Larmore's communications with the attorneys because Mr. Larmore missed a deadline of August 16 to inform the Government that he was asserting a defense of attorney-client privilege, or, as a minimum setting a September 6 deadline for the production of all material relating to Mr. Larmore's consultation with the attorneys.

<u>The alleged waiver of the privilege:</u>
      The Government claims that Mr. Larmore waived his attorney-client privilege by providing in his *in limine* motion certain communications with attorneys. However, the government asserts at several points in its letter none of the attorneys provided legal advice to Mr. Larmore and none was retained by Mr. Larmore. In short, accepting the Government's characterization of the communications, the documents were not privileged, and, as a matter of logic, their production in the *in limine* motion cannot constitute a waiver.

      Not all communications with an attorney are privileged. The applicable law was set forth in *Abrahami v Meister, Seelig & Fein,* 2023 U.S. Dist. Lexis 29664 (S.D.N.Y. 2023)(Mag. Parker), as follows:

> Under New York law, the state law applicable here, a communication is protected by the ***attorney-client privilege*** if it was made within the context of an attorney-

**Litman, Asche & Gioiella, llp**

Honorable Paul A. Engelmeyer
August 29, 2024

> client relationship for the purpose of obtaining or conveying legal advice and was ***intended*** to be and actually ***confidential***. *Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 264 (S.D.N.Y. 1995)* (citing *People v. Osorio, 75 N.Y.2d 80, 82-84, 549 N.E.2d 1183, 1185, 550 N.Y.S.2d 612 (1989)*). The privilege is narrowly construed because it hinders the truth-finding process by rendering certain relevant information undiscoverable. *Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)*; *see also Hoopes v. Carota, 142 A.D.2d 906, 908, 531 N.Y.S.2d 407, 409 (App. Div. 1988) aff'd, 74 N.Y.2d 716, 543 N.E.2d 73, 544 N.Y.S.2d 808 (1989)* (explaining that the ***attorney-client privilege*** "constitutes an obstacle to the truth-finding process" and, thus, its "invocation should be cautiously observed to ensure that its application is consistent with **[*9]** its purpose") (internal quotation marks, alterations, and citations omitted).

In *Terpin v Pinsky*, 2022 U.S. Dist. Lexis 1493333 (SDNY 2022)(Mag. Krause), the Court rejected the assertion of privilege, stating :

> . "A party invoking the ***attorney-client privilege*** must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie, 473 F.3d 413, 419 (2d Cir. 2007)*. Courts "construe the privilege narrowly because it renders relevant information undiscoverable . . . [and] apply [the privilege] only where necessary to achieve its purpose." *Id. at 418* (quotation marks omitted).
>
> More specifically, and of particular relevance in this case, "a long and unbroken line of cases in this Circuit have established that 'in the absence of special circumstances client identity and fee arrangements do not fall within the ***attorney-client privilege*** because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'" *Torres v. Toback, Bernstein & Reiss LLP, 278 F.R.D. 321, 322 (E.D.N.Y. 2012)* (quoting *Vingelli v. United States, 992 F.2d 449, 452 (2d Cir. 1993)*); *see also Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 114 (D. Conn. 2014).*

Here, Mr. Larmore's communications with attorneys which he seeks to offer in evidence were not the kinds of disclosure that he would have wanted to keep secret. He was merely trying to retain counsel. Indeed, it is the Government's theory that Mr. Larmore sought to retain counsel in order to later claim that his tender offer was legitimate; his intent, according to the Government was inconsistent with an intent to keep his retention confidential.

**Litman, Asche & Gioiella, llp**

Honorable Paul A. Engelmeyer
August 29, 2024

<u>The crime-fraud exception</u>:

The Government claims that it is entitled to breach the attorney-client privilege based on its far-fetched theory that Mr. Larmore sought the advice of counsel in furtherance of his alleged fraudulent scheme and in anticipation that he might one day be charged with making a fake tender offer. It is highly unlikely that this theory can give rise to probable cause required for the application of the crime-fraud exception. In any event, since the documents Mr. Larmore has disclosed are not privileged, application of the crime-fraud exception to the assertion of the privilege becomes meaningless. Certainly, the Government is free to argue that, as it claims in its letter, that Mr. Larmore's solicitation of advice from attorneys was intended as a smokescreen to lend legitimacy to his allegedly fraudulent endeavor, but the Government is not free to demand production of documents, privileged or not, which may be in the possession of the defendant.

<u>The "advice of counsel" issue</u>:

The Government appears to claim that Mr. Larmore is seeking to mount an advice of counsel defense. He is not. As the Government repeatedly notes in its August 23 letter, none of the individuals Mr. Larmore spoke with represented him on the tender offer or gave him any legal advice whatsoever. Unlike in cases cited by the Government (pp.13-14), there can be no risk of confusing the jury if Mr. Larmore is simply permitted to show that he sought to retain counsel. Mr. Larmore will not suggest to the jury that any attorney blessed the tender offer, nor could a jury draw any such inference. Indeed, Mr. Larmore was unsuccessful in retaining these attorneys because they lacked the relevant experience or because they had a conflict of interest. The Government will not be unfairly prejudiced by the admission of Mr. Larmore's attempts to retain counsel, but Mr. Larmore will b prejudiced if he is unable to present such evidence.

The purpose for which Mr. Larmore seeks to introduce his communication with attorneys is to demonstrate that he attempted to retain counsel to represent him in the transaction. We will argue that, if Mr. Larmore never intended to go through with the tender offer, he would not have gone to the trouble to seek to retain counsel. The Government is free to challenge this assertion, and Mr. Larmore would have no objection to limiting instructions making it clear that Mr. Larmore is not claiming that he relied on anything the attorneys said in making his tender offer.

<u>Production of attorney communications</u>:

Since Mr. Larmore has not waived his attorney-client privilege and will not be asserting an advice of counsel defense, the Government has no basis to demand production of communications with attorneys, whether or not privileged.

Respectfully yours,

/s/ Richard M. Ashche
Richard M. Asche

cc: Justin Rodriguez