UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JONATHAN MOYNAHAN LARMORE,

Defendant.

---

24-CR-140 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court today resolved in a bench ruling the Government's August 23, 2024 motion, Dkt. 52, seeking a ruling that defendant Jonathan Moynahan Larmore had waived attorney-client privilege with respect to his communications with seven attorneys by moving *in limine* for the admission into evidence certain of his communications with them. These attorneys are Jeremy Piccini, Esq., Adam Brandt, Esq., Roger Lautzenhiser, Esq., James Siegel, Esq., Richard Silfen, Esq, Robert Tannous, Esq., and Kenneth Zinghini, Esq. On August 30, 2024, the defense filed a response. Dkt. 59. On September 3, 2024, the Government replied. Dkt. 61.

For the reasons set forth in the transcript of today's conference, the Court orders the following:

1.     Mr. Larmore is not entitled to claim and does not claim privilege with respect to any of his communications with three of the seven attorneys: Mr. Piccini, Mr. Brandt, and Mr. Lautzenhiser. The Government is thus authorized to seek from these attorneys the full range of communications between them and Mr. Larmore with respect to the subjects of WeWork, Cole Capital, and the tender offer by Cole Capital that Mr. Larmore purported to announce with respect to WeWork in or about early November 2023 (hereinafter, "the subject matter").

2.    Mr. Larmore has waived any attorney-client privilege with respect to all of his pre-retention communications with the remaining four attorneys: Mr. Siegel, Mr. Silfen, Mr. Tannous, and Mr. Zinghini, regarding the subject matter. The Government is thus authorized to seek from these attorneys the full range of pre-retention communications between them and Mr. Larmore with respect to the subject matter. Mr. Larmore denies retaining any of these attorneys and thus that there are any post-retention communications with them. Should it emerge, however, that one or more of these lawyers was retained by Mr. Larmore and thereafter communicated with him, the Court will consider then whether the scope of Mr. Larmore's waiver extends to post-retention communications.

The Clerk of Court is respectfully directed to close the pending motion at docket 52.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 9, 2024
New York, New York