UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JONATHAN MOYNAHAN LARMORE,

Defendant.

---

24 Cr. 140 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the Government's six proposed limiting instructions, Dkt. 71, and the defense's proposed edits to these, Dkt. 74. The Court thanks counsel for this input. The Court has modified each of the proposed limiting instructions. The limiting instructions the Court proposes to give are set out below. At the final pretrial conference on October 7, 2024, the Court will put on the record its reasons for modifying these instructions and will elicit feedback from counsel on these.

1. Public Reporting on Arciterra Lawsuit/SEC Investigation: You have heard evidence that as of October 2023, there had been publicly accessible news reports stating that investors from Mr. Larmore's prior venture, Arciterra, had not been paid since 2019, and that the Securities and Exchange Commission appeared to be investigating Mr. Larmore. You may consider this evidence for the purpose of evaluating Mr. Larmore's knowledge and state of mind with respect to a potential tender offer for WeWork. However, you are not to consider this evidence for any other purpose.

2. Cease and Desist Letter: You have heard evidence that, on November 29, 2023, a company called CCO Group, LLC, also known as Cole Capital, issued a cease and desist letter

1

directed to Mr. Larmore and Cole Capital Funds LLC, accusing Mr. Larmore of infringing CCO Group's trademark on "Cole Capital." You may consider this evidence in determining whether there was or was not a relationship between CCO Group LLC and Cole Capital Funds, LLC. You may also consider this evidence in evaluating Mr. Larmore's intentions and state of mind in naming the entity "Cole Capital Funds," if you find that Mr. Larmore was responsible for the choice of that name. However, you may not consider this letter for any other purpose. You are not to speculate as to whether Mr. Larmore in fact infringed CCO Group's trademark. You are not to speculate as to the existence or outcome of any proceedings after Mr. Larmore received that letter.

    3. <u>References to Religion</u>: You have received evidence of a written communication by Mr. Larmore in which he used religious words and phrases. I expect that other communications that will be received in evidence during this trial will also contain expressions of religious belief by Mr. Larmore. Mr. Larmore's references to religion are before you for a limited purpose. It is to allow you to assess Mr. Larmore's communications with others in their full context. However, you are not to consider Mr. Larmore's references to religion for any other purpose. It would be improper for you to consider any personal feelings you may have about the religious affiliation or beliefs of the defendant or of any other person about whom there is such evidence in this case.

    4. <u>Indiana Hearing</u>: You have heard evidence in the form of a stipulation referring to a court case in Indiana State in which Mr. Larmore submitted an affidavit and in which he testified under oath at a hearing on November 13, 2023. The Government contends that Mr. Larmore made false statements in that court case by not disclosing in response to a question that proceeds from the sale of a plane were used to buy WeWork options and stock. It contends that this

reflected consciousness of guilt on Mr. Larmore's part with the respect to the WeWork options and stock purchases. It is for you to determine whether Mr. Larmore's statements in that case were or were not false. If you find that Mr. Larmore made a false statement, you may consider this evidence to the extent you find that it bears on Mr. Larmore's state of mind. However, you may not consider this evidence for any other purpose. You are not to speculate about the nature or outcome of that court case.

5. <u>Communications with Attorneys</u>: You have heard evidence that Mr. Larmore communicated with attorneys during the time period at issue in this case. You may consider these communications, like all others of Mr. Larmore's as to which evidence is received, as bearing on Mr. Larmore's state of mind and intentions. However, you may not treat the fact that Mr. Larmore communicated with an attorney as a defense to any charge in this case. The defense has not claimed that Mr. Larmore acted on the advice of a lawyer in undertaking any actions at issue in this case. And both parties agree that the evidence does not support that Mr. Larmore acted on the advice of an attorney in taking any of those actions.

6. <u>Defense Exhibit 9</u>: You have seen evidence of Mr. Larmore's September 6, 2023 email to "mson@softbank.co.jp," in which Mr. Larmore makes certain statements about past events and experiences. You may not consider those statements as evidence that these events or experiences actually occurred. You may consider these statements only to the extent you find that they bear on Mr. Larmore's state of mind.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: October 2, 2024

3