

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 6, 2024

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States v. Larmore*, 24 Cr. 140 (PAE)

Dear Judge Engelmayer:

      The Government writes to request that the Court so-order the attached subpoena, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, directing immediate production of a recording that the defendant appears to have made of a recent interaction with a Government witness (the "Witness").[1] The recording is evidence of the defendant's obstruction and would be admissible at a future bail revocation hearing to prove the defendant's attempt at witness tampering, or at the upcoming trial to prove, among other things, the defendant's consciousness of his own guilt regarding the underlying offense.

### Background

      On July 31, 2024, the Government moved to modify the defendant's bail conditions to preclude any contact with witnesses or victims outside the presence of counsel in light of the defendant's efforts to influence the testimony of a prospective trial witness. (ECF No. 36). The Court denied "without prejudice to the Government's right to move anew for the same or similar relief in the event of evidence of a new incident of problematic conduct by Larmore, including with respect to a potential trial witness." (ECF No. 41). The Government has since learned that the defendant has had another encounter with a witness expected to testify at trial only two days after the Government produced 3500 material for the Witness and others.[2]

      The Witness lives with his parents, and his sister is romantically involved and shares a child with the defendant. On Thursday, October 3, 2024, after 3500 had been produced, Larmore visited the family home of the Witness to drop off his child, and the Witness was present. In the course of that visit, Larmore, who appeared to be inebriated, had a heated verbal exchange that involved the Witness's father. Concerned that the incident may turn physical, the Witness intervened and demanded that the defendant leave, at which point the defendant accused the

---

[1] The Government requests that the proposed subpoena be filed under seal until the conclusion of trial.

[2] The Witness called one of the FBI case agents the next day to report what happened.

Witness of pushing him, which the Witness denies. Following that encounter, the Witness's sister told the Witness's mother that the defendant had recorded the encounter.

When the Government learned of these facts, it contacted defense counsel regarding this witness contact, and questioned whether counsel would produce the recording to the Government. Defense counsel, in substance, would not confirm that counsel possessed the recording, demurred when asked if counsel intended to use the recording at trial, but effectively confirmed the existence of the recording by stating that the recording was "embarrassing" for the Witness. The Government has not received or reviewed a copy of the recording.

## Discussion

Federal Rule of Criminal Procedure 17(c)(1) authorizes subpoenas for "any books, papers, documents, data, or other objects." "The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." *Id.* Because Rule 17 subpoenas were not intended as a general discovery tool, Rule 17 subpoenas are held to the announced by the Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974):

> In order to obtain documents prior to trial, the party making the request must demonstrate that:
>
> (1) the documents sought are evidentiary and relevant;
>
> (2) the materials are not otherwise procurable in advance of trial by the exercise of due diligence;
>
> (3) the party seeking documents cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and
>
> (4) the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Carroll*, No. 19 Cr. 545 (CM), 2019 WL 6647871, at *1 (S.D.N.Y. Nov. 8, 2019) (quoting *Nixon*, 418 U.S. at 699-700 (citation omitted)). To show that the documents are "evidentiary and relevant," *Nixon* held that the party requesting the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700.

Each of these requirements has been met here. The recording is relevant. There is specific basis to believe that the recording contains evidence in the form of the defendant's own words and conduct tending to show that the defendant is seeking to intimidate or influence at least one witness at this trial. Such evidence would be relevant not only in any bail revocation hearing, but also at trial to demonstrate the defendant's consciousness of his own guilt. The recording is also admissible, and not precluded by the rule against hearsay, as the recording captures the statements and conduct of a party opponent. Fed. R. Evid. 801(d)(2)(A). In any event, it appears that the statements and conduct captured in the recording are likely not hearsay at all, as they would not

Hon. Paul A. Engelmayer  Page 3
October 6, 2024

be offered for the truth of the statements asserted, but rather because of the fact the statements were made. Fed. R. Evid. 801(c). The request for production of the recording is also specific: it seeks a specific file or file(s) known to exist from a specific event known to have occurred.

Nor can the defendant refuse production of the recording on the ground that to provide it would incriminate him. No party may assert an act-of-production privilege if the existence, location, or authenticity of the material is a "foregone conclusion." *Fisher v. United States*, 425 U.S. 391, 411 (1976). For the foregone conclusion doctrine to apply, the Government must "demonstrate with reasonable particularity that it knows of the existence and location of subpoenaed documents." *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993). To satisfy this standard, "the Government need not demonstrate perfect knowledge of each specific responsive document covered by the [document demand]," but it "must *know*, and not merely *infer*, that the sought documents exist, that they are under the control of defendant, and that they are authentic." *United States v. Greenfield*, 831 F.3d 106, 116-17 (2d Cir. 2016. Here, as proffered above, the Witness's sister told the Witness's mother that the recording existed, and defense counsel has effectively confirmed its existence. There is therefore no basis to resist production on the basis that revealing the existence of the recording would itself incriminate the defendant.

Finally, immediate production of the recording is warranted so that the Government may review it to determine what further relief may be necessary. Given the approaching trial date and the defendant's continued problematic behavior towards trial witnesses, the contents of the recording may provide a basis for the Government to seek more restrictive conditions, or revocation of the defendant's bail altogether, to avoid any potential attempted witness tampering. Immediate production will also allow the Government to seek *in limine* relief from the Court regarding which portions of the recording, if any, are admissible in the Government's case-in-chief, on cross-examination of the Witness, and/or during the defense case.

### Conclusion

For the foregoing reasons, the Government respectfully requests that the Court so-order the attached subpoena.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_____
Justin Rodriguez
Adam S. Hobson
Sarah Mortazavi
Assistant United States Attorneys

Cc:   Defense Counsel (via ECF)