

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 16, 2024

**VIA ECF AND EMAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Street
New York, New York 10007

    Re:    *United States v. Larmore*, 24 Cr. 140 (PAE)

Dear Judge Engelmayer:

    The Government writes to address the question the Court raised at the conclusion of the trial day on October 16, 2024, about the testimony of Thomas Carocci regarding the obligation to disclose financing arrangements in a Schedule TO.

    On direct examination, Mr. Carocci testified that a Schedule TO has "like 13 requirements" and that one of them is "how they're [i.e., the offeror] going to finance or pay for all of these shares that they're offering at above market value." Tr. 154:1-7. On cross-examination, Mr. Carocci testified, in relevant part, as follows when questioned by defense counsel regarding the requirements of a Schedule TO:

> Q. You testified earlier about the Schedule TO. That's a form that gets filed with the SEC when there's a tender offer; is that correct?
>
> A. Yes.
>
> Q. And you know that it's not required that you disclose the financing arrangement in a TO; is that correct?
>
> A. I believe it is required.
>
> Q. Well, you know the SEC prefers that you disclose that, but you know that it's required?
>
> A. There's – it's supposed to be on the form. Whether somebody puts it on the form or not, I guess is up to them. What they file is up to them as well, but it's required to be on the form, as far as my knowledge is concerned.
>
> Q. Are you familiar with the rule that requires that?

Hon. Paul A. Engelmayer  Page 2
October 16, 2024

> A. Yeah, I think it's the form -- I think it's the Exchange Act. I think it's 14(d) or something, 14(d)(1). I can't remember off the top of my head, but there's a rule that requires that the form be filed and the contents of the form, you know, that -- is there.

Tr. 209:10-210:3.

Mr. Carocci's testimony regarding the requirements for completing a Schedule TO was accurate. Regulation 14D of the Securities Exchange Act of 1934, specifically, 17 C.F.R. § 240.14d-100, sets forth the requirements of a Schedule TO. Regulation 14D instructs Schedule TO filers to respond to 13 numbered items, including the source and amount of funds to be used in the transaction (Item 7). *See* 17 C.F.R. § 240.14d-100. Mr. Carocci correctly identified the applicable regulation and its relevant requirements.

Mr. Carocci was not questioned, and did not testify, regarding *when* an offeror must file a Schedule TO. The relevant regulations provide that a Schedule TO must be filed with the SEC "[a]s soon as practicable on the date of commencement." 17 C.F.R. §§ 240.14d-2(c) & 14d-3(a).

Defense counsel questioned Mr. Carocci generically regarding the requirements when filing a formal Schedule TO with the SEC; defense counsel did not, however, question Mr. Carocci regarding the facts germane to this case. Notwithstanding defense counsel's questioning on this score, the Government has not, and does not, contend that the defendant's announced tender offer was fraudulent for failure to comply with the particular provision of Regulation 14D that requires disclosure of how the defendant intends to finance his tender offer on a Schedule TO.

The evidence admitted at trial has shown that Mr. Larmore never filed a Schedule TO with the SEC. Instead, on November 3, 2023, he emailed the SEC a Schedule TO, which was never formally filed or otherwise made public. *See* GX 1142. Mr. Larmore's Schedule TO checked a box on its cover page which states: "Check the box if the filing relates solely to preliminary communications made before the commencement of a tender offer." *See* GX 1142 at 2. General Instruction D to Regulation 14D provides, in relevant part, "If the filing contains only preliminary communications made before the commencement of a tender offer, …. The filer need not respond to the items in the schedule." *See* 17 C.F.R. § 240.14d-100. Thus, if Mr. Larmore had properly filed the Schedule TO form that he emailed to the SEC, Regulation 14D would not mandate his responses to the 13 numbered items in the Schedule TO form *at that time*. Regulation 14D would, however, have required him to disclose the information when later filing the Schedule TO that actually commenced the offer. Defense counsel did not question Mr. Carocci regarding Mr. Larmore's Schedule TO specifically, or about the requirements applicable to filing a Schedule TO related solely to preliminary communications and the triggering of General Instruction D. Instead, on both direct and cross-examinations, Mr. Carocci was asked about the general requirements of a Schedule TO and his responses to those questions were accurate. Accordingly, nothing in Mr. Carocci's testimony needs to be corrected.

Hon. Paul A. Engelmayer  Page 3
October 16, 2024

      As noted above, and consistent with the Requests to Charge filed by the Government, violating the filing requirements of Schedule TO forms is not a basis for the jury to find Mr. Larmore guilty of the charges in this case, nor will the Government argue that Mr. Larmore violated an obligation to disclose financing arrangements in a Schedule TO. Consequently, the Government respectfully submits that no curative instruction or correction is necessary regarding this issue.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

by: _____
      Justin V. Rodriguez
      Adam S. Hobson
      Sarah Mortazavi
      Assistant United States Attorneys
      (212) 637-2591

Cc:    Defense Counsel (via ECF)