UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

                            Plaintiff,                  Case No. 24-CR-140

  -against-

JONATHAN MOYNAHAN LARMORE,

                            Defendant.

-------------------------------------------------------------X

## MEMORANDUM OF DEFENDANT IN SUPPORT OF
## HIS MOTION FOR RELEASE PENDING APPEAL

This Memorandum is submitted on behalf of defendant Jonathan Larmore for release pending the appeal to the Second Circuit Court of Appeals of his judgment of conviction dated March 18, 2025.

### I.

### THE STATUTORY STANDARD

18 U.S.C. Section 3143 (b) provides, in relevant part, as follows:

    Release or Detention Pending Appeal by the Defendant.

    The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds --

    (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

      If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

In *United States v Handler*, 2024 U.S.Dist Lexis 222779, the District Court set forth the Second Circuit standard for a finding of "substantial question":

> "[t]he Second Circuit has defined a 'substantial question of law or fact' as a question 'of more substance than would be necessary to a finding that it [i]s not frivolous'—that is, 'a close question or one that very well could be decided the other way.'" *United States v. Jaata, No. 18 Cr. 162 (PGG), 2022 U.S. Dist. LEXIS 82136, 2022 WL 1443945, at *5 (S.D.N.Y. May 5, 2022)* (quoting *Randell,* 761 F.2d at 125). "If a question is substantial, then [under the fourth prong] the Court 'must consider whether the question is so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'"

## II.

### MR. LARMORE IS NOT LIKELY TO FLEE OR POSE A DANGER TO THE COMMUNITY

Mr. Larmore has been free on bail since his arrest in March 2024. He has appeared on every court date throughout the course of pre-trial proceedings and the trial. Following the jury verdict, Mr. Larmore co-operated fully with the probation department and appeared at his sentencing. He has abided by all of the conditions of his release. A lifelong resident of the United States, Mr. Larmore is currently living in Indiana with his one-year old son and his fiancé, and in close proximity to his mother, who is dependent on him with respect to her physical well-being. There is no reason to believe that Mr. Larmore would—or could—flee the United States during the pendency of his appeal.

Nor is there any reason to believe that Mr. Larmore poses a danger to the community. He has never been charged with any act of violence. Further, given the notoriety of this case, it is unlikely that he will engage in any financial misconduct.

In sum, Mr. Larmore poses no risk of flight or danger to the community.

## III.

**MR. LARMORE'S APPEAL RAISES SUBSTANTIAL QUESTIONS OF LAW**

The Government's case at trial was based entirely on inferences which it claimed should be drawn from various items of circumstantial evidence, much of it facially unrelated to the crimes charged, but highly prejudicial to Mr. Larmore. On appeal, the defendant expects to argue, *inter alia*, that this Court erred both in admitting some or all of these items into evidence and that the inference of guilt or of innocence to be drawn from the evidence was, at worst, in equipoise and, therefore, insufficient to support the verdict.

    **A.**    **The prejudicial effect of several items of circumstantial evidence outweighed its probative value**

Prior to trial, the Court adjudicated the parties' respective *in limine* motions, including Mr. Larmore's assertion that the prejudicial effect of several items of evidence offered by the Government far outweighed their probative value, and were therefore inadmissible under Fed. R. Evidence 403. These objections were contained in Mr. Larmore's response to the Government's motion, attached hereto as Exhibit A, and, in the interest of brevity, the grounds asserted therein will not be repeated here. Briefly stated, the Government was allowed to detail to the jury allegations of criminal misconduct and fraud unrelated to the crimes charged. Thus, the Government was allowed to argue to the jury that:

- Mr. Larmore had been sued for fraud in connection with a prior business endeavor in which he failed to pay more than 2,000 investors moneys due to them.

- Mr. Larmore was being investigated by the SEC;

- Mr. Larmore improperly diverted receipts from the sale of an airplane belonging to one of his corporations;

- Mr. Larmore had lied under oath in a civil proceeding in Indiana state court as to the disposition of the proceeds of the sale of the airplane;

- Mr. Larmore was ordered to return to the trustee for his corporation the proceeds of the sale of the airplane;

- Mr. Larmore committed Trademark Infringement;

- Mr. Larmore sought to evade United States securities laws by attempting to have a yacht he had chartered travel to international waters in order to deprive the U.S. government of jurisdiction over his conduct in carrying out the crimes described in the indictment when the government was in possession of evidence that his reason for taking the vessel into international waters had nothing to do with the crimes for which he was charged and convicted;

- Mr. Larmore was advised by an attorney that he could not legally make a tender offer unless he had funds on hand to consummate the offer. (The Government conceded during the trial, but not to the jury, that this advice was incorrect, and that the requirement to have funds on hand applied only if and when the offeror filed a form TO with the SEC, which Mr. Larmore never did).

The Government advanced several pretexts in support of the admission of this evidence, much of which it claimed was relevant to show that Mr. Larmore lacked the capacity to follow through on his tender offer. However, Mr. Larmore offered to stipulate that at the time he made his tender offer he lacked sufficient funds, thereby mooting the need for presenting this highly prejudicial evidence to the jury.

B.   **The evidence was insufficient to support the guilty verdict**

Following the trial, Mr. Larmore moved pursuant to Fed. R. Crim. P. Rule 29 for a judgment of acquittal notwithstanding the verdict or in the alternative for a new trial. The principal ground asserted in the motion was that the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, and that, accordingly, a reasonable jury must necessarily entertain a reasonable doubt. (citing, *inter alia, United States v Coplan,* 703 F3d 46, 69 (2d Cir. 2014); *United States v D'Amato*,

4

399 F3d 1249, 1256 (2nd Cir. 1994); *United States v. Mulheren*, 938 F2d 364,372 (2nd Cir. 1991); and *United States v. Valle*, 301 F.R.D. 53 at *76 (S.D.N.Y. 2014).

A copy of the Memorandum filed in support of Mr. Larmore's post-trial motion is attached hereto as Exhibit B, and, in the interest of expediency will not be repeated here.

The Government's response to the Rule 29 motion did not take issue with our assertion that, viewing the evidence in a light most favorable to the government, the inferences to be drawn suggesting guilt and those suggesting innocence were in equipoise. Rather, the Government claimed that the standard relied on by Mr. Larmore was no longer the law and that even if the inferences of guilt and innocence were in equipoise the jury was entitled to find guilt beyond a reasonable doubt, citing *United States v White*, 7 F4th 90,103 (2d Cir. 2021) and *United States v Aquart*, 912 F 3d 1, 44 (2d Cir. 2018).

The Government's response was served on November 19, 2024. Less than a week later, on November 25, this Court issued an order denying Mr. Larmore's motion, relying on the Government's Memorandum and without discussion of the equipoise issue.

Because the Court's decision on the motion was made less than a week after the Government's submission, Mr. Larmore did not have an opportunity to file his reply which was in draft form as of November 25. (A copy of the draft is attached hereto as Exhibit C). In our reply we took issue with the government's assertion that the equipoise rule was no longer the law. We noted:

> Notably, the Government does not take issue with our assertion that inferences to be drawn from the evidence are at least as consistent with innocence as with guilt. Rather, the Government claims that the "few cases" cited in our Memorandum applying this standard are obsolete, having been replaced by the holding in *United States v. White*, 7 F.4th 90, 103 (2d Cir 2022). *White* made no reference to these cases, much less did it purport to overrule them. And the sheer number of cases supporting the rule, as articulated in *United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991)

5

makes it improbable that the Second Circuit intended to render the rule obsolete, *sub silentio*. The rule has been cited in more than a dozen cases in this Circuit, as recently as 2021. In *United States v Landesman*, 17 F4th 298, at 329 (2d Cir. 2021) the Court observed:

> 'If the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.' *United States v Hawkins*, 547 F.3d 66,71 (2d Cir. 2008)…*United States v Glenn*, 312 F.3d 58, 70 (2d Cir. 2002).

In support of our position that the cases cited by the Government did not overrule the equipoise rule, we cited numerous cases applying the rule, none of which were referred to in *White*:

> *United States v. Litvak*, 2017 U.S. Dist. LEXIS 14384 *7 (D. Conn. 2017); *United States v. Harris*, 2016 U.S. Dist. LEXIS 197670, *24 (E.D.N.Y. 2016); *United States v. Russell*, 2014 U.S. Dist. LEXIS 77438,*8 (E.D.N.Y. 2014); *United States v. Ortiz*, 666 F. Supp. 2d 399, **3 (S.D.N.Y. 2009); *United States v. Young Son Im.*, 2009 U.S. Dist. LEXIS 66022 , *10 (S.D.N.Y. 2009); *United States v. Levy*, 594 F. Supp. 2d 427,435 (S.D.N.Y. 2009); *United States v. Finnerty*, 474 F. Supp. 2d 530,537 (S.D. N.Y. 2007); *United States v. Rigas*, 2004 U.S. Dist. LEXIS 23032, *3 (S.D.N.Y. 23206, *3 (S.D.N.Y. 2004); *United States v. Stewart*, 305 F. Supp. 2d 368,377 (S.D.N.Y. 2004); *United States v. Clemente*, 2004 U.S. Dist. LEXIS 627 (S.D.N.Y. 2004); *United States v. Namis Group International Corp.,*170 F. Supp.2d 340, 344 (E.D.N.Y. 2001); *United States v. Gordon*, 199 U.S. Dist. LEXIS 7537 *13 (E.D.N.Y. 1998); *United States v. Weinstein*, 1998 U.S. Dist. LEXIS, *14 (E.D.N.Y. 1998); *United States v. Somerstein*, 971 F. Supp. 736, 740 (E.D.N.Y. 1997).

We also pointed out that neither *White* nor *Aquart*, 912 F.3d 1, 44, involved a fact pattern in which the competing inferences were equal to or favored the defendant's interpretation. In *White*, the Circuit Court did not address competing inferences favorable to the defense. Rather, the Court found that the district court had overlooked or minimized evidence favorable to the government (**20). In *Aquart*, a hearing involving capital punishment aggravating factors, the defense argued that there was insufficient evidence that the defendant's killing of his victims had been premeditated. The Court pointed out that prior to the murders he had told an associate that the victims "had to die." No competing interpretation of this evidence was offered by the defense.

In short, the equal or nearly equal inference rule was not tested in either of the cases cited by the Government.

Our reply Memorandum, which the Court did not consider, also further rebutted the Government's attempt to draw inferences of guilt from the circumstantial evidence it presented.

**C. The Court erred in permitting two attorneys consulted by Mr. Larmore to testify**

The Court, having found that Mr. Larmore waived his attorney-client privilege, allowed two attorneys consulted by Mr. Larmore in connection with the WeWork tender offer. (James Siegel, tr. 513 et seq. and Jeremy Piccini (tr. 544 et seq.). However, Mr. Larmore alleged waiver did not foreclose the issue of whether these attorneys should be allowed to testify. Even where there is no attorney-client impediment to an attorney's testimony, courts are loath to allow such testimony for fear that it might unduly prejudice the jury.

Courts in the Second Circuit strongly discourages against an attorney testifying against his former client and have emphasized that "[p]ermitting counsel to be called as witnesses . . . is a step a court should ordinarily be reluctant to take." *United States v. Doyle*, No. 16-CR-506 (ALC), 2018 WL 1902506, at *19 (S.D.N.Y. Apr. 19, 2018) (quoting *United States v. Melo,* 702 F. Supp. 939, 943–44 (D. Mass. 1988)). "The mere appearance of an attorney testifying against a former client, even as to matters of public record, is distasteful and should only be used in rare instances." *United States v. Cochran*, 546 F.2d 27, 29 n.5 (5th Cir. 1977). Indeed, "there is no small possibility that the jury will infer from counsel's appearance as a government witness against his former client . . . that his former client engaged in wrongdoing." *Doyle*, 2018 WL 1902506, at *19. Even where the defendant is represented by different counsel at trial, "jurors may be inclined to disbelieve that attorney on the improper basis that [d]efendant previously

7

hired an allegedly dishonest lawyer." *Doyle*, 2018 WL 1902506, at *19; *see also, United States v. Cain*, No. 05-CR-360A, 2008 WL 11336217, at *5 (W.D.N.Y. Nov. 5, 2008) (citation omitted) (acknowledging "significant concerns that arise when an attorney is called to testify as a fact witness against his client," which may then "so blur[ ] the line between argument and evidence that the jury's ability to find facts is undermined").

At bar, the prejudice inherent in having two former attorneys for Mr. Larmore testify far outweighed any relevance to issue of Mr. Larmore's guilt, his waiver notwithstanding.

* * *

In sum, the issues raised in Mr. Larmore's pre-trial and post-trial motions raise substantial questions for appeal. Mr. Larmore is entitled to defer the commencement of his sentence while these issues are considered by the Second Circuit.

**Conclusion**

Defendant's motion for release pending appeal should be granted.

Dated:     New York, New York

          April 20, 2025

                                      Litman, Asche & Gioiella, LLP
                                      350 Central Park West Suite 10F
                                      New York, New York 10025
                                      (917) 414-6951
                                      richardasche@lagnyc.com


                                      By: /s/ Richard M. Asche

                                      Bruce L. Udolf, P.A.
                                      599 SW Second Avenue
                                      Fort Lauderdale,
                                      Florida 33031
                                      (954) 415-2260
                                      budolf@bruceudolf.com


                                      By:/s/ Bruce L. Udolf


                                      Attorneys for Defendant