3UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

UNITED STATES OF AMERICA,,

      v.                                                         24 CR 140 (PAE)

JONATHAN MOYNAHAN LARMORE,

              Defendant.

---------------------------------------X

# MEMORANDUM OF DEFENDANT
## IN RESPONSE TO THE GOVERNMENT"S IN LIMINE MOTION

Bruce L. Udolf, P.A.
599 S.W. 2nd Avenue
Fort Lauderdale, Florida 33301

Litman, Asche & Gioiella, LLP
350 Central Park West Suite 10F
New York, New York 10025

Attorneys for Defendant

Table of Contents

Page

The Government's proffered direct evidence ...................................................................... 1

The Government's Proffer .................................................................................................... 1

Proceeds from the airplane sale ........................................................................................... 1

Contempt finding................................................................................................................. 2

Alleged perjury..................................................................................................................... 2

Mr. Larmore's mother purged the contempt ....................................................................... 3

Mr. Larmore's use of credit cards ......................................................................................... 3

Alleged lie to City National bank official ............................................................................. 4

Alleged trademark infringement .......................................................................................... 4

The Bloomberg article .......................................................................................................... 5

Mr. Larmore's character ....................................................................................................... 5

Collusion with the SEC ........................................................................................................ 5

Cross-examination of Mr. Larmore ...................................................................................... 6

Referring to potential punishment ....................................................................................... 6

The Applicable Law .............................................................................................................. 6

Conclusion............................................................................................................................ 9

i

## Table of Authorities

Page

Cases

Old Chief v. United States,
    519 U.S. 172, 184 (1997) ................................................................................................. 7

United States v. Figueroa,
    618 F.2d 934, 943 (2d Cir. 1980) ..................................................................................... 6

United States v. Greer,
    631 F.3d 608, 614 (2d Cir. 2011) ..................................................................................... 6

United States v. Hsu,
    669 F.3d 112, 118-119 (2d Cir. 2021) ............................................................................. 6

United States v. McCullum,
    584 F.3d 471, 477 (2d Cir. 2009) ..................................................................................... 6

United States v. Quattrone,
    441 F.3d 153, 180 (2d Cir. 2005) ..................................................................................... 6

United States v. Zhong,
    26 F.4th 536, 551 (2d Cir. 2022) ....................................................................................... 6


Rules

Federal Rules of Evidence Rule 401… ................................................................................... 5, 7

Federal Rules of Evidence Rule 403… ............................................................................... 5, 6, 7

Christopher B. Mueller & Laird C. Fitzpatrick, Federal Evidence §94, 486-498… ..................... 6
(2d Ed. 1994)

This Memorandum is submitted in response to the government's motion *in limine*.

<u>The Government's proffered direct evidence:</u>

The Government, in its *in limine* motion, has signaled its intention to transform the focus of the trial from the crimes charged in the indictment, to a generalized broadside attacking Mr. Larmore's character. The evidence which the government seeks permission to offer on its direct case is tangential, if not irrelevant to the issues in the case, and is so prejudicial that Mr. Larmore would be forced to provide countervailing evidence, creating a trial within a trial.

The indictment charges, in essence, that Mr. Larmore made a tender offer to purchase a majority of the minority shareholder interests in WeWork, but that he had no intention of completing the transaction. Instead, according to the indictment, Mr. Larmore sought to only profit from an expected bump in the price of WeWork stock which he believed would follow the tender offer.

The evidence which the government seeks to introduce, for the most part, does not address Mr. Larmore's ability or intention to raise funds, but rather focuses on Mr. Larmore's credibility and his and his personal financial condition and whether, on November 3, 2023, he had sufficient funds on hand.

The Government's proffer

<u>Proceeds from the airplane sale:</u>

The government seeks to introduce evidence surrounding the sale of an airplane owned by one of Mr. Larmore's companies (Brief. 23-25) specifically that Mr. Larmore improperly transferred funds from one of his companies to his personal accounts, and used some of that money to purchase We Work options. But the Government fails to explain how Mr. Larmore obtained the money to purchase the options is relevant to any issue in this case.

Mr. Larmore's personal financial status is irrelevant to the Government's case. Mr. Larmore's filing with the SEC disclosing the tender offer and his letter to the WeWork board dated November 3, 2023 do not suggest that Mr. Larmore had funds available to complete the tender, but, to the contrary, expressly states that he "expects to select a lender and have a financial commitment prior to the execution of a definitive agreement." (Annex A hereto) No one reading this letter could conclude that Mr. Larmore was claiming to have the funds on hand, much less in his personal account. In sum, even if the Government could prove that Mr. Larmore was penniless in November 2023, it would still have to prove, beyond a reasonable doubt, that Mr. Larmore had no intention of seeking the requisite funds, and that he had no reasonable belief that he could do so.

If the Government were permitted to open the door as to the propriety of the disposition of funds from the airplane sale, Mr. Larmore would be forced to elicit evidence that all of the questioned transactions were perfectly proper, thus unduly prolonging and complicating the trial.

Contempt finding:

Next, the Government seeks to offer evidence that Mr. Larmore was held in contempt because of his alleged improper transfer of the airplane proceeds. This highly prejudicial evidence is unrelated to the crimes charged in the indictment and, again, would compel responsive evidence from Mr. Larmore.

Alleged perjury:

The Government seeks to show (Brief, p. 22) that Mr. Larmore lied to the Court during the contempt hearing. To do this the Government seeks to introduce skeptical comments from the Court as well as other unspecified excerpts from the transcript—all of which is hearsay. Indeed, no live witness would be permitted to testify that he doubted Mr. Larmore's credibility. The

2

proffered testimony can serve no purpose other than to inflame the jury and convince the jurors that Mr. Larmore is a dishonest person. Even the Government cannot claim that the contempt hearing was related to Mr. Larmore's alleged crimes.

Mr. Larmore's mother purged the contempt:

The Government seeks to prove (Brief, p. 25) that Mr. Larmore's mother, rather than Mr. Larmore, provided the funds with which to purge the contempt. The Government's purported rationale for introducing this evidence is to show an irrelevant fact which will not be contested at trial, that Mr. Larmore lacked sufficient funds to complete the tender.

The prejudicial value of showing that Mr. Larmore is a thief, a contemnor and a liar is obvious. If the Government were allowed to offer evidence concerning the airplane and the contempt proceeding, Mr. Larmore would be compelled to refute the evidence and, in effect, prove that he took no money he was not entitled to, and did not lie to the Court. This trial within a trial would distract the jury from the real issue in the case: whether Mr. Larmore intended to go through with his tender offer.

Mr. Larmore's use of credit cards:

The Government seeks to offer evidence (Brief, pp. 25-26) that Mr. Larmore supported himself during the relevant period by charging his living expenses on his credit card, and therefore could not have financed the tender with his own funds, a non-issue in this case. While the evidence is irrelevant, it would allow the jury to draw a portrait of Mr. Larmore as one who is willing to kite his expenses to live above his means. Moreover, if the evidence is admitted, Mr. Larmore would be compelled to submit counterevidence as to his historical use of credit cards being used for living expenses.

Alleged lie to City National Bank official:

The Government seeks to introduce evidence (Brief, pp. 19-20) that Mr. Larmore allegedly lied to an official of City National Bank when he denied having inside information about WeWork. But Mr. Larmore is not charged with lying to the Bank, or of possessing inside information. (In the end, Mr. Larmore did not borrow funds from the Bank).

How Mr. Larmore went about seeking funds to purchase his options is irrelevant. Nevertheless, the Government has proffered the evidence because it gives the Government a chance to claim that Mr. Larmore is dishonest. The prejudicial effect of such testimony would greatly outweigh any marginal relevance.

Further, it is Mr. Larmore's position that he was not an insider of WeWork and that his statement to the Bank was therefore true. To rebut the Government's testimony, Mr. Larmore would be forced to call an expert to support his position and seek instructions to the jury causing the jury to divert its attention from the real issues in this case.

Alleged trademark infringement:

Incredibly, the Government has attempted to inject a claim of trademark infringement into this securities fraud case (Brief, p. 27). The Government's theory is that Mr. Larmore sought to fool investors into investing in a company called Cole Capital which had no assets and was only a month old, by adopting the name of another company (inactive for many years) which was well established and enjoyed a good reputation. This evidence proves nothing relevant to this case. If anything, this evidence favors the Defendant, as it shows that Mr. Larmore was planning to attempt to raise funds for the tender. Nonetheless, the Government is proffering this evidence in the apparent belief that the jury will form a negative view of Mr. Larmore. Again, if the proffered

4

evidence is admitted, Mr. Larmore would be forced to call witnesses to disprove the trademark infringement claim.

The Bloomberg article:

Next, the Government seeks to introduce an article in Bloomberg to the effect that investors in one of Mr. Larmore's companies had not been paid since 2019 and that Mr. Larmore was being sued. The Government apparently seeks to show that Mr. Larmore's reputation is so bad that he would have been unable to raise funds for the WeWork tender. The evidence is obviously hearsay and would invite the jury to speculate as to how many, if any, of Mr. Larmore's potential investors were aware of the article, and whether they would have been influenced by it.

If the evidence were allowed, it would open the door to a trial within a trial in which Mr. Larmore would show that the lawsuit referenced in the article was dismissed on October 3, 2023, i.e. before the tender offer, and would be forced to rehabilitate his reputation—ironically, something that the Government asserts that Mr. Larmore is precluded from doing.

Mr. Larmore's character:

The Government seeks to preclude the defense from offering character evidence concerning Mr. Larmore. We have no intention offering such evidence unless it is relevant to the case, e.g. if the Government is allowed to offer the Bloomberg article into evidence or otherwise impugn Mr. Larmore's reputation or character.

Collusion with the SEC:

The government seeks to preclude Mr. Larmore from seeking to demonstrate that his arrest and prosecution arose out of a collaboration between the SEC and the U.S. Attorneys' office. We have no intention of offering such evidence.

Cross-examination of Mr. Larmore:

The Government intends to cross-examine Mr. Larmore, should he testify, concerning certain alleged bad acts reflecting on his credibility. We do not object to the proper use of bad act testimony on cross-examination. The Government, of course, would be bound by Mr. Larmore's responses.

Referring to potential punishment:

The Government seeks to preclude defense counsel from referring in our remarks to the jury to potential punishment which Mr. Larmore would face if convicted. Defense counsel in this case have tried more than 200 cases to juries. We are aware of the boundaries of legitimate argument and do not intend to infringe those boundaries. Specifically, we are aware that reference to the potential consequences of a conviction is prohibited.

## The Applicable Law

In order for evidence to be admissible, it must tend to prove some fact at issue in a case. Fed. R. Evid. Rule 401. Here none of the evidence proffered by the government tends to prove that Mr. Larmore's tender offer was fraudulent, or that he had a criminal state of mind. Accordingly, the Court should deny the Government motion to submit evidence in its case in chief without even considering the prejudicial nature of the evidence.

Even if the Court finds some relevance to the proffered evidence, the Court should deny the Government's motion pursuant to Rule 403 Fed. R. Evidence because its relevance is outweighed by its tendency to prejudice the jury, cause confusion and unduly delay the trial. Rule 403 provides, in pertinent part, that

> The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time…

Here, the admission of the Government's evidence would fall within each of the foregoing grounds for exclusion. The evidence—if believed—portrays Mr. Larmore as a liar and a thief; its admission would likely cause the jury to focus on the bad acts, rather than on the charged crimes. Mr. Larmore disputes most of the evidence which the government seeks to present, and the danger of undue delay is manifest, as Mr. Larmore seeks to explain why funds were removed to his personal account, why his mother purged the contempt, why he did not lie to the Court, and why the Bloomberg article had no effect on his ability to raise funds to complete the tender offer.

In *U.S. v Zhong*, 26 F.4th 536, 551 (2d Cir. 2022), the Circuit Court noted that

> ..., a district court may not freely admit evidence of conduct simply because it relates to the charged crimes or the government offers it for a purpose other than to demonstrate the defendant's propensity to commit the alleged conduct. Our "inclusionary rule is not a carte blanche to admit prejudicial extrinsic act evidence [that] is offered to prove propensity," *id.*, or otherwise to allow "propensity evidence in sheep's clothing," *United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009).
>
> …Even when our precedents would otherwise allow the district court to admit evidence of uncharged criminal conduct "to complete the story of the crime on trial" or to demonstrate some fact in issue "other than ... a defendant's criminal propensity," a district court may admit that evidence only if it "satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Greer*, 631 F.3d 608, 614 (2d Cir. 2011); *see also United States v. Hsu*, 669 F.3d 112, 118-19 (2d Cir. 2012). Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. …

And see, *U.S. v. Quattrone*, 441 F.3d 153, 180 (2d Cir. 2005):

> The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant…When material evidence has an additional prejudicial effect, Rule 403 requires the trial court to make a conscientious

7

> assessment of whether the probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant. *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). That is to say the prejudice undercutting a particular piece of evidence does not arise out of the rationale that justified its admission into evidence. Instead, the prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial. *See Christopher B. Mueller & Laird C. Kirkpatrick*, Federal Evidence §94, 486-498 (2d Ed. 1994).

Mr. Larmore does not intend to offer any evidence concerning his personal net worth and would stipulate that he lacked the personal funds to effectuate the tender offer. The Supreme Court has struck down prosecutorial efforts to offer prejudicial evidence where the facts the Government is trying to proving are not in dispute. See, e.g. *Old Chief v United States,* 519 U.S. 172, 184 (1997):

> The Committee Notes to Rule 401 explicitly say that a party's concession is pertinent to the court's discretion to exclude evidence on the point conceded. Such a concession, according to the Notes, will sometimes "call for the exclusion of evidence offered to prove [the] point conceded by the opponent …." Advisory Committee's Notes on Fed. Rule Evid. 401, 28 U.S.C. App., p. 859. As already mentioned, the Notes make it clear that such rulings should be made not on the basis of Rule 401 relevance but on "such considerations as waste of time and undue prejudice (see Rule 403) …." *Ibid.* The Notes to Rule 403 then take up the point by stating that when a court considers "whether to exclude on grounds of unfair prejudice," the "availability of other means of proof may … be an appropriate factor." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860.

For the foregoing reasons, the Court should not permit the Government to offer on its direct case the evidence described in its in limine motion.

Conclusion

The Court should deny the Government's *in limine* motion to the extent that the Government seeks to introduce evidence on its direct case concerning the following:

-- A conversation with a representative of City National Bank concerning Mr. Larmore's insider status;

-- Mr. Larmore's transfer of proceeds from the sale of an airplane to his personal account;

-- That Mr. Larmore was charged and convicted of contempt of Court;

-- That Mr. Larmore lied to the Court in the contempt proceeding;

-- That Mr. Larmore's mother advanced the funds to purge his contempt;

-- Mr. Larmore's use of his credit card to pay his living expenses;

-- The Bloomberg article.

Dated: New York, New York
August 23, 2024

Respectfully submitted,

Bruce Udolf, Esq.
GIVE ME HIS INFO PLEASE

Litman, Asche & Gioiella, LLP
350 Central Park West Suite 10F
New York, New York 10025

By:_____
Richard M. Asche

Attorneys for Defendant