UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JONATHAN MOYNAHAN LARMORE,<br><br>Defendant. | 24 Cr. 140 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

This order resolves a motion[1] by defendant Jonathan Moynahan Larmore for bail pending appeal, pursuant to 18 U.S.C. § 3143(b). *See* Dkt. 137. On October 22, 2024, a jury convicted Larmore on one count apiece of securities fraud and of fraud in connection with a tender offer. Dkt. 104. On March 18, 2025, the Court sentenced Larmore principally to a term of 60 months' imprisonment followed by three years of supervised release. Dkt. 130. Larmore has timely appealed his conviction and sentence. Dkt. 135. He now moves, in advance of his May 19, 2025 surrender date, *see* Dkt. 130, for release pending appeal. Dkt. 137.

For substantially the reasons set forth in the Government's comprehensive and persuasive letter in opposition, *see* Dkt. 139, the Court denies Larmore's motion.

I.  **Background**

The Court assumes familiarity with the relevant factual and procedural background. In brief, in October and November 2023, Larmore engaged in a scheme to announce a fraudulent tender offer for the company WeWork in order to manipulate the value of its securities, which in

---

[1] The defense filed to ECF a memorandum of law in support of its "motion" for release pending appeal but did not separately file that motion. The Court construes the memorandum at Docket 137 as such.

turn would enable him to sell his own WeWork shares at an artificially inflated price and to cash in at a huge profit on short-term, out-of-the-money WeWork options Larmore had secretly purchased shortly beforehand. The tender offer was announced in a press release stating that Cole Capital, a shell company Larmore had created, was making a tender offer for WeWork securities. In truth, the announced tender offer was false, and Larmore had neither the intent nor the ability to carry out the purchase. Instead, the announced tender offer was a fraudulent device, undertaken to manipulate upwards the price of WeWork securities and to drive up, by multitudes, the value of Larmore's own WeWork options and stock.

Following the jury's verdict, Larmore filed a renewed[2] motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial pursuant to Rule 33. Dkt. 111. On November 19, 2024, the Government opposed the motion. Dkt. 112. On November 25, 2024, the Court denied both motions. Dkt. 113. On April 20, 2025, Larmore filed a memorandum of law in support of release pending appeal. Dkt. 137 ("D. Mem."). On May 2, 2025, the Government filed a response. Dkt. 139 ("Gov't Mem.").

## II. Applicable Law

Under the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless it makes certain findings by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1). A defendant may be released pending appeal where a district court finds:

---

[2] At the close of the Government's case at trial, Larmore moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. *See* Trial Tr. at 633. The Court denied the motion. *See id.* at 649 (finding that "this is clearly a case where there's ample evidence to get to the jury" and "there is way more than sufficient evidence on which a jury could find guilt").

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). The statute establishes "a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004); *cf. Randell*, 761 F.2d at 124 ("Congress intended section 3143 to reverse the then prevailing presumption in favor of post-conviction bail.").

Relevant here, a "substantial" question of law or fact is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 125 (citation omitted). If a question is substantial, then the Court "must . . . consider whether that question is so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (citation omitted). The burden of persuasion rests with the defense. *See id.*

### III.  Discussion

The Court's resolution of this motion turns on the third *Randell* prong: whether the defendant's anticipated appeal raises "a substantial question of law and fact." 761 F.2d at 125. For substantially the reasons stated in the Government's thorough and convincing opposition, the Court concludes that it does not. The Court addresses in turn each set of appellate issues that Larmore has identified.

3

*Sufficiency of the evidence*: The defense argues that evidence adduced at trial was equally consistent with an inference of innocence, and insufficient to support a guilty verdict. That is wrong for multiple reasons. For one, the "equipoise" standard cited by the defense in making this argument, *see* D. Mem. at 3 (quoting *United States v. Glenn*, 312 F.3d 58 (2d Cir. 2002)), misstates the governing standard. *See United States v. McPherson*, 424 F.3d 183, 190 (2d Cir. 2005) ("The possibility that inferences consistent with innocence as well as with guilt might be drawn from circumstantial evidence is of no matter to sufficiency analysis because it is the task of the jury, not the court, to choose among competing inferences."). Instead, on an appellate challenge to evidentiary sufficiency, the Court "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Here, it is not a remotely close question whether a rational jury, viewing the evidence in the light most favorable to the Government, could have found Larmore guilty. The evidence of Larmore's guilt was overwhelming. As the Court stated in rejecting essentially identical arguments made under Rule 29, "there is way more than sufficient evidence on which a jury could find guilt," there was "overwhelming evidence of intent to defraud and to deceive," a jury "could clearly find Mr. Larmore guilty," and the evidence of guilt was "more than sufficient," and "frankly quite substantial." Dkt. 113; *see also* Trial Tr. at 649–50. Accordingly, and for the reasons more fully catalogued in the Government's opposition letter, *see* Dkt. 139 at 27–31, the

4

defense has failed, and will assuredly fail on appeal, to carry the "heavy burden" of proving insufficiency of the evidence. *United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021).

*Evidentiary rulings*: The defense next argues that the Court, in resolving motions *in limine*, improperly admitted several categories of evidence. At the outset, as the Government notes, as to several items, the defense did not object to their receipt at trial and thus has waived its present challenge. *See* Gov't Mem. at 31. In any event, as to none of the evidence at issue does the defense identify a substantial question of law or fact within the meaning of *Randell*. The Court's rulings on the motions *in limine* methodically applied the applicable Federal Rules of Evidence, including balancing, under Rule 403, the probative value of the proffered evidence against the risks presented of unfair prejudice. And in admitting certain contested evidence, the Court imposed strict limiting instructions designed to mitigate the risk of prejudice. The Court, for example, put strict limits on evidence relating to a pending civil lawsuit and a governmental investigation into Larmore's conduct with respect to a separate investment vehicle ("Arciterra"), permitting only discrete evidence to be received and instructing that it be considered for only limited purposes. *See, e.g.*, Dkt. 69 ("Pre-Trial Conf. Tr.") at 18. The Court's resolution of these quotidian evidentiary disputes was well within its discretion. And on appeal, these rulings, whose correctness Larmore does not effectively challenge, will be subject to a deferential standard of review. *See United States v. Dennis*, 132 F.4th 214, 239 (2d Cir. 2025). Accordingly, for the reasons well stated in the Government's opposition, these rulings do not supply a basis for a grant of bail pending appeal.

*Attorney-client privilege waiver*: Finally, Larmore argues, for the first time, that the Court erred in allowing Jeremy Piccini and James Siegel, two attorneys with whom Larmore consulted in connection with his fraudulent scheme, to testify. That argument is audaciously wrong. It

5

was Larmore himself who put his communications with these attorneys at issue by filing a motion *in limine* seeking to admit evidence of his written communications with various attorneys, including Siegel and Piccini. *See* Dkt. 44 (D. Mot.); *see also* Pre-Trial Conf. Tr. at 5. Larmore sought leave to offer these communications, and "corroborative witness testimony," on the theory that Larmore's consultations with counsel supported that his intentions in undertaking various actions with respect to WeWork were in good faith. D. Mot. at 10, 41–43. In light of Larmore's bid to offer this testimony, the Court ruled that Larmore had waived attorney-client privilege as to the communications at issue, and that insofar as Larmore was attempting to use the privileged materials offensively, he could not simultaneously shield the balance of his communications with the same lawyer on the same subject matter. *See* Pre-Trial Conf. Tr. at 8–9 (citing *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987)). The Court accordingly found a privilege waiver as to the balance of Larmore's communications with these lawyers on the subject. And it ruled, under Rule 403, that the evidence it admitted, which included advice to Larmore not to engage in the scheme at issue, was highly probative of Larmore's fraudulent intent and his absence of good faith, and that there was no risk of unfair prejudice substantially outweighing the probative value. Larmore's motion for bail pending appeal does not identify any reason to believe these rulings present a substantial appellate question.

In sum, the Court holds, Larmore has not identified a close question of law or fact that "very well could be decided the other way." *Randell*, 761 F.2d at 25. The Court accordingly denies his motion for bail pending appeal. *See, e.g.*, *United States v. Aiyer*, 500 F. Supp. 3d 21, 25 (S.D.N.Y. 2020) (denying bail pending appeal for failure to raise a "substantial issue" in objecting to district court's evidentiary rulings); *United States v. Mendlowitz*, No. 17 Cr. 248, 2021 WL 4892860, at *7 (S.D.N.Y. Oct. 20, 2021) (same); *United States v. Bodouva*, No. 16 Cr.

214, 2016 WL 7351634, at *1 (S.D.N.Y. Dec. 16, 2016) (same). The Clerk of Court is respectfully directed to terminate the motion pending at docket 137.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 7, 2025
       New York, New York

7